UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS F. EDER,                    )
                                   )  No. CV-09-241-CI
          Plaintiff,               )
                                   )
v.                                 )  ORDER GRANTING DEFENDANT'S
                                   )  MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                 )  AND DENYING PLAINTIFF'S
Commissioner of Social             )  MOTION FOR SUMMARY JUDGMENT
Security,                          )
                                   )
          Defendant.               )
                                   )
                                   )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 18.)  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents Defendant.  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 7.)  After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

                            **JURISDICTION**

     Plaintiff Thomas F. Eder (Plaintiff) protectively filed for social security income (SSI) on August 29, 2006. (Tr. 127, 152.) Plaintiff alleged an onset date of December 23, 2003, which was later amended to August 29, 2006.  (Tr. 4, 127.)  Benefits were denied initially and on reconsideration. (Tr. 61, 67.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on March 19, 2008. (Tr. 23-55.)  Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

1  was represented by counsel and testified at the hearing. (Tr. 40-51.)
2  Medical expert Ronald M. Klein, Ph.D., also testified. (Tr. 24-40.)
3  The ALJ denied benefits (Tr. 12-20) and the Appeals Council denied
4  review. (Tr. 1.) The instant matter is before this court pursuant to
5  42 U.S.C. § 405(g).

## STATEMENT OF FACTS

6  
7  The facts of the case are set forth in the administrative hearing
8  transcripts and will, therefore, only be summarized here.

9  At the time of the hearing, Plaintiff was 45 years old. (Tr.
10  40.) Plaintiff has a GED and took some college level courses. (Tr.
11  40.) He has work experience as a landscaper and a telemarketer. (Tr.
12  41.) He testified that he ended up leaving past jobs because he self
13  destructs and ends up quitting. (Tr. 42.) He said he cannot work
14  because "things get to him" and he gets overwhelmed, irritable, and
15  depressed. (Tr. 43-44.) He admitted he self-medicates with
16  methamphetamine which allows him to ignore his problems. (Tr. 44.)
17  He has a history of incarceration and drug use. (Tr. 44-45.)
18  Plaintiff testified he has ongoing problems with mood swings, racing
19  thoughts and anxiety. (Tr. 48-49.) He has arthritis in his shoulder
20  and knee which twinges once in a while. (Tr. 49.)

## STANDARD OF REVIEW

21  
22  Congress has provided a limited scope of judicial review of a
23  Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the
24  Commissioner's decision, made through an ALJ, when the determination
25  is not based on legal error and is supported by substantial evidence.
26  *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v.*
27  *Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]
28  determination that a claimant is not disabled will be upheld if the

findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the

1  Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-
2  1230 (9th Cir. 1987).

3  **SEQUENTIAL PROCESS**

4       The Social Security Act (the "Act") defines "disability" as the
5  "inability to engage in any substantial gainful activity by reason of
6  any medically determinable physical or mental impairment which can be
7  expected to result in death or which has lasted or can be expected to
8  last for a continuous period of not less than 12 months."  42 U.S.C.
9  §§ 423 (d)(1)(A), 1382c (a)(3)(A).   The Act also provides that a
10 Plaintiff shall be determined to be under a disability only if his
11 impairments are of such severity that Plaintiff is not only unable to
12 do his previous work but cannot, considering Plaintiff's age,
13 education and work experiences, engage in any other substantial
14 gainful work which exists in the national economy.   42 U.S.C. §§
15 423(d)(2)(A), 1382c(a)(3)(B).   Thus, the definition of disability
16 consists of both medical and vocational components.   *Edlund v.*
17 *Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

18      The Commissioner has established a five-step sequential
19 evaluation process for determining whether a claimant is disabled.  20
20 C.F.R. §§ 404.1520, 416.920.   Step one determines if he or she is
21 engaged in substantial gainful activities.   If the claimant is engaged
22 in substantial gainful activities, benefits are denied.  20 C.F.R. §§
23 404.1520(a)(4)(I), 416.920(a)(4)(I).

24      If the claimant is not engaged in substantial gainful activities,
25 the decision maker proceeds to step two and determines whether the
26 claimant has a medically severe impairment or combination of
27 impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If
28 the claimant does not have a severe impairment or combination of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT −5

shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, and then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2); *Bustamante*, 262 F.3d at 955.

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 26, 2006, the application date. (Tr. 14.) At step two, the ALJ found Plaintiff has the following severe impairments: a musculoskeletal impairment of the right shoulder, a substance induced mood disorder, a personality disorder, and a substance use disorder. (Tr. 14.) At step three, the ALJ found Plaintiff's impairments, including the substance use disorders, meet section 12.09, as evaluated under

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –6

sections 12.04 and 12.08 of 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 15.)  The ALJ then found that if Plaintiff stopped the substance use, Plaintiff would continue to have the severe impairment of musculoskeletal impairment of the right shoulder, but no severe mental limitations.  (Tr. 16.)  The ALJ also found that if Plaintiff stopped the substance abuse, he would not have an impairment or combination of impairments list in  20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 17.)

The ALJ then determined:

> If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. 416.967(c).  The claimant would be able to perform work that would not involve lifting or carrying more than 25 pounds frequently or more than 50 pounds occasionally.

(Tr. 17.)  At step four, the ALJ found Plaintiff would be able to perform past relevant work as a telemarketer, if he stopped the substance use. (Tr. 19.) As a result, the ALJ concluded Plaintiff would not be disabled if he stopped the substance use.  (Tr. 20.) Thus, the ALJ found Plaintiff's substance use disorders are contributing factors material to the determination of disability. (Tr. 20.)  Therefore, the ALJ concluded Plaintiff has not been under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision.  (Tr. 20.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff asserts the ALJ: (1) erroneously determined Plaintiff has no severe mental impairment without substance abuse; (2) erroneously relied on the testimony of the medical expert; and (3) failed to properly reject

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

1  the opinions of examining professionals. (Ct. Rec. 14 at 7-15.)

2  Defendant argues substantial evidence supports the ALJ's finding that

3  Plaintiff has no severe mental impairment absent substance abuse and

4  the ALJ properly considered the evidence. (Ct. Rec. 19 at 6-13.)

5                                 **DISCUSSION**

6     Plaintiff argues the ALJ erroneously determined he does not have

7  a severe mental impairment absent substance abuse. (Ct. Rec. 14 at

8  8.) At step two of the sequential process, the ALJ must determine

9  whether Plaintiff suffers from a "severe" impairment, i.e., one that

10  significantly limits his or her physical or mental ability to do basic

11  work activities. 20 C.F.R. § 416.920(c). To satisfy step two's

12  requirement of a severe impairment, the claimant must prove the

13  existence of a physical or mental impairment by providing medical

14  evidence consisting of signs, symptoms, and laboratory findings; the

15  claimant's own statement of symptoms alone will not suffice. 20

16  C.F.R. § 416.908. The fact that a medically determinable condition

17  exists does not automatically mean the symptoms are "severe" or

18  "disabling" as defined by the Social Security regulations. *See, e.g.,*

19  *Edlund*, 253 F.3d at 1159-60; *Key v. Heckler*, 754 F.2d 1545, 1549-50

20  (9th Cir. 1985).

21     The Commissioner has passed regulations which guide dismissal of

22  claims at step two. Those regulations state an impairment may be

23  found to be not severe when "medical evidence establishes only a

24  slight abnormality or a combination of slight abnormalities which

25  would have no more than a minimal effect on an individual's ability to

26  work." S.S.R. 85-28. The Supreme Court upheld the validity of the

27  Commissioner's severity regulation, as clarified in S.S.R. 85-28, in

28  *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity

requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.* As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *Id.* Thus, in determining whether a claimant has a severe impairment, the ALJ must evaluate the medical evidence.

The ALJ noted he considered the four broad functional areas ("paragraph B criteria") set forth in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments in determining the extent to which any mental limitations would remain if the substance abuse was stopped. (Tr. 16.) The ALJ concluded Plaintiff would have no limitation on activities of daily living, the first functional area, if the substance abuse were stopped. (Tr. 16.) Next, Plaintiff would have mild difficulties in maintaining social functioning and in maintaining concentration, persistence or pace if the substance abuse were stopped. (Tr. 16.) Lastly, the ALJ determined Plaintiff would have no episodes of decompensation of extended duration if substance abuse were stopped. (Tr. 16.) Because the remaining mental limitations would cause no more than mild limitations in the first three functional areas and no limitation in the fourth area, the ALJ concluded Plaintiff's mental limitations would be nonsevere if the substance use was stopped. (Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

16.)  Plaintiff argues the medical evidence establishes more severe mental limitations, even if the substance abuse were stopped.  (Ct. Rec. 14 at 8-13.)

To establish more severe limitations, Plaintiff argues the ALJ improperly considered the psychological opinion evidence.  (Ct. Rec. 14 at 8-13.)  In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion.  *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Where medical reports are inconclusive or conflicting, questions of credibility and resolution of conflicts are functions of the ALJ.  *Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999).  It is not the role of the court to second-guess the ALJ.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  The court must uphold the ALJ's decision

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is the proper arbiter of conflicting evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**1.    Dr. Kouzes**

Plaintiff argues the opinion of Dr. Kouzes was not properly rejected by the ALJ. (Ct. Rec. 14 at 9-10.) Dr. Kouzes examined Plaintiff on January 24, 2004, and completed a DSHS Psychological/Psychiatric Evaluation form. (Tr. 200-03.) Dr. Kouzes diagnosed bipolar disorder, polysubstance dependence in early full remission, and personality disorder NOS with antisocial and borderline features. (Tr. 201.) Dr. Kouzes assessed marked limitations in the ability to exercise judgment and make decisions, in the ability to relate appropriately to co-workers and supervisors, and in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 202.) Dr. Kouzes also identified moderate limitations in the ability to interact appropriately with public contacts, and in the ability to control physical or motor movements and maintain appropriate behavior. (Tr. 202.) Plaintiff argues Dr. Kouzes' evaluation establishes these limitations, even without the influence of substance abuse. (Ct. Rec. 14 at 12-13.)

The ALJ rejected Dr. Kouzes' diagnosis of bipolar disorder based on several factors. (Tr. 15.) First, the ALJ noted that the medical expert questioned the diagnosis because the criteria for diagnosing bipolar disorder was not established. (Tr. 15, 26.) Second, the ALJ pointed out that in October 2007, Plaintiff reported being "high"

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

during at least one mental health evaluation.[1] (Tr. 15, 336.) Next, the ALJ noted that the medical expert and others suggested Plaintiff actually has substance induced mood disorder rather than bipolar disorder. (Tr. 26-27, 205.) Lastly, the ALJ pointed out that in November 2006, Plaintiff's supposed manic symptoms were described as "sketchy." (Tr. 263.) The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The factors cited by the ALJ suggest that Dr. Kouzes' opinion regarding a bipolar diagnosis is not supported by the rest of the record. Thus, substantial evidence justifies rejection of Dr. Kouzes' bipolar diagnosis.

The ALJ accepted Dr. Kouzes' diagnosis of personality disorder with antisocial and borderline features, when the effects of drug and alcohol abuse are considered. (Tr. 15.) However, the ALJ concluded "the evidence establishes that if his substance abuse were stopped he would have no more than mild functional limitations secondary to his mood disorder and personality disorder." (Tr. 18.) The ALJ pointed

---

[1]It is not clear from this statement alone that Plaintiff was under the influence of substances during Dr. Kouzes' examination. However, the only two formal mental health evaluations in the record before this statement in October 2007 include Dr. Kouzes' January 2004 evaluation and Ms. Smith's August 2006 evaluation. Ms. Smith's evaluation occurred while Plaintiff was incarcerated and, thus, unlikely to be under the influence at the time of the assessment. (Tr. 200-10.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

out that Plaintiff's active lifestyle, including regular attendance at church and AA meetings, helping others with projects, house painting, cooking, cleaning, making jewelry, bead making, leather working, woodworking, and fishing, establishes that Plaintiff would be able to tolerate normal work setting pressures and expectations. (Tr. 18, 215.) With respect to Plaintiff's alleged concentration deficits, the ALJ found they are inconsistent with activities such as crafts and household chores. (Tr. 18.) Plaintiff's plans to return to school for HVAC courses is also inconsistent with Plaintiff's claims that he cannot tolerate stress and suggests that his concentration problems are not as severe as alleged. (Tr. 18, 282.)

Additionally, the ALJ pointed out that Plaintiff has had regular attendance and good participation in group therapy for substance abuse treatment. (Tr. 18, 268.) He has been receptive to take-home assignments, supportive of others and offered appropriate feedback to members of his counseling group. (Tr. 271.) The ALJ concluded these factors establish that Plaintiff's anti-social personality traits would not be more than minimally limiting if he stopped using drugs and alcohol. (Tr. 18.) This is a reasonable interpretation of the evidence, and the ALJ properly rejected limitations assessed by Dr. Kouzes based on this evidence.

Furthermore, although Dr. Kouzes is not specifically mentioned, the ALJ observed that no treating or examining physician has assessed the claimant with significant mental limitations absent consideration of the effects of substance abuse or dependence. (Tr. 19.) This indicates the ALJ determined Dr. Kouzes' limitations were assessed inclusive of the effects of drug and alcohol abuse. Plaintiff argues Dr. Kouzes' report assesses limitations without the affects of drug

and alcohol abuse, citing Dr. Kouzes' note that Plaintiff reported his last use as June 20, 2002, or 18 months before the assessment. (Ct. Rec. 14 at 12, 201.) However, when asked whether alcohol or drug treatment would be likely to decrease the severity of Plaintiff's condition, Dr. Kouzes wrote, "It would probably help." (Tr. 201.) Dr. Kouzes also wrote that alcohol or drug abuse "appears to exacerbate his symptoms of depression and anxiety." (Tr. 202.) The medical expert observed that Dr. Kouzes "wisely notes that the use of illicit drugs exacerbates his mood disorder, and I think that's quite correct." (Tr. 27.) The ALJ's determination that Dr. Kouzes' report includes the effects of drug and alcohol abuse is reasonable and based on substantial evidence. As a result, the ALJ properly excluded the limitations assessed by Dr. Kouzes from his findings at step two without the effects of drug and alcohol abuse.

**2.   Lyn Smith**

Plaintiff argues the opinion of Lyn Smith, a mental health professional[2] who evaluated Plaintiff in August 2006, was not properly rejected by the ALJ. (Ct. Rec. 14 at 13.) Ms. Smith prepared a Jail Service Mental Health Consultation and Evaluation and completed a DSHS Psychological/Psychiatric Evaluation form. (Tr. 204-10.) Ms. Smith diagnosed polysubstance abuse and personality disorder NOS and noted "rule out"[3] substance induced mood disorder vs. bipolar II. Ms. Smith

---

[2]It is noted that Plaintiff refers to Ms. Smith as "Dr. Smith," when in fact Ms. Smith's credentials are listed as M.Ed., MHP. (Ct. Rec. 14 at 10-14, Tr. 207.)

[3]A "rule out" diagnosis means there is evidence that the criteria for a diagnosis may be met, but more information is needed in order to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

noted severe limitations in the ability to exercise judgment and make decisions and in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and marked limitations in the ability to respond appropriately to co-workers and supervisors and in the ability to interact appropriately in public contacts.  (Tr. 206.)

In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources.  20 C.F.R. §§ 404.1527(d), 416.927(d); S.S.R. 96-2p; S.S.R. 96-6p.  Acceptable medical sources include licensed physicians and psychologists.[4]  20 C.F.R. §§ 404.1513(a), 416.913(a).  In addition to evidence from acceptable medical sources, the ALJ may also use evidence from "other sources" including nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources.  20 C.F.R. §§ 404.1513(d), 416.913(d).

Social Security Ruling 06-3p summarizes regulations providing that only an acceptable medical source can: (1) establish the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source.  Evidence

_____

rule it out.  *See United States v. Grape*, 549 F.3d 591, 593-94 n.2 (3rd Cir. 2008); *Williams v. United States*, 747 F.Supp. 967, 978 n.19 (S.D.N.Y 1990); *Simpson v. Comm.*, 2001 WL 213762, *7-8 (D. Or. 2001) (unpublished opinion).

[4]Other acceptable medical sources are licensed podiatrists and optometrists and qualified speech-language pathologists, in their respective areas of specialty only.  20 C.F.R. §§ 404.1513(a), 416.913.(a).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

from other sources can be used to determine the severity of an impairment and how it affects the ability to work. S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d). "Information from other sources cannot establish the existence of a medically determinable impairment. . . . However, information from 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." S.S.R. 06-3p.

In evaluating the evidence, the ALJ should give more weight to the opinion of an acceptable medical source than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). An ALJ must give reasons "germane" to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).

In this case, Ms. Smith is an "other source," but the ALJ did not reject her opinion. The ALJ specifically noted consideration of Ms. Smith's assessment in determining Plaintiff's impairments, including the impact of drug and alcohol abuse, are of listings-level severity. (Tr. 16.) Ms. Smith noted that Plaintiff's last use of meth was in March 2006, five months before her assessment. (Tr. 205.) She wrote, "Drug and alcohol abuse greatly exacerbate symptoms of his diagnosed condition." (Tr. 206.) This indicates Ms. Smith's assessment of limitations includes the effects of substance abuse.

Furthermore, the ALJ cited the results of the mental examination conducted by Ms. Smith while Plaintiff was in jail after a relatively

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

short period of abstinence. (Tr. 18, 208-10.) Plaintiff was oriented, alert and well groomed. (Tr. 209.) Plaintiff's affect was normal, he made good eye contact and spoke in a normal voice. (Tr. 209.) He denied delusions, preoccupations, and hallucinations. (Tr. 209.) Although Plaintiff had difficulty staying on track with the conversation, his memory was intact and his intellectual status appeared average. (Tr. 209.) Abstract thinking was adequate. (Tr. 209.) The ALJ determined that this evidence reflects Plaintiff is able to function quite well when he is not consuming drugs or alcohol. (Tr. 18.) This is a reasonable interpretation of the evidence. Plaintiff does not make a specific argument or point to facts which show the ALJ erred as a matter of law. As a result, the ALJ's findings with respect to Ms. Smith are supported by substantial evidence and the ALJ did not err.

**3. Dr. Gardner**

Plaintiff argues the opinion of state reviewing psychologist Dr. Gardner was not properly rejected by the ALJ. (Ct. Rec. 14 at 11-13.) Dr. Gardner reviewed the record and completed a Psychiatric Review Technique form and a Mental Residual Functional Capacity Assessment form dated January 19, 2007. (Tr. 306-22.) Dr. Gardner found evidence of mood disorder NOS, personality disorder, and substance addiction disorder. (Tr. 309, 313-14.) Dr. Gardner assessed 10 moderate limitations but no marked limitations. (Tr. 320-21.) The explanation of findings indicates that Plaintiff's mood disturbance "could reduce efficiency with detail at times," his mood dysphoria "could distract him at times," and irritability with others "may distract him on occasion." (Tr. 322.) Dr. Gardner noted drug abuse was "episodic" and could interfere with attendance. (Tr. 322.)

The ALJ considered the opinion but rejected the moderate limitations assessed by Dr. Gardner. (Tr. 19.) Although the ALJ is required to consider and explain the weight given to state agency consultants, S.S.R. 96-6p, no specific language is required to reject all or a portion of a report. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Furthermore, individual medical opinions are preferred over check-box reports. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). The ALJ reviewed the check-box limitations assessed by Dr. Gardner, but pointed out that Dr. Gardner's narrative indicated Plaintiff's limitations are episodic and would only occasionally interfere with is ability to interact and attend. (Tr. 19.) Indeed, Dr. Gardner indicated that Plaintiff has normal intelligence and cognition is grossly intact to allow him to attend to and persist on tasks. (Tr. 322.) Dr. Gardner found Plaintiff is appropriate in his treatment contacts, participates well, and is able to carry out superficial tasks related to social interactions appropriately. (Tr. 322.) Dr. Gardner also opined Plaintiff is able to make simple adjustments to change. (Tr. 322.) The ALJ rejected the moderate limitations assessed by Dr. Gardner in check-box form in favor of the specific findings in his narrative explanation.

In addition, the ALJ pointed out other evidence supporting rejection of the moderate limitations assessed by Dr. Gardner. (Tr. 19.) The ALJ noted that Plaintiff's daily activities, including his ability to attend an participate in counseling, church and AA meetings and to participate in hobbies requiring the ability to concentrate for extended periods reflects that Plaintiff has no more than minimal limitations on understanding and memory, sustained concentration and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -18

persistence, social interaction or adaptation if he stopped using drugs and alcohol. (Tr. 19.) This is a reasonable interpretation of the evidence, and the ALJ provided adequate specific, legitimate reasons supported by substantial evidence for rejecting the limitations assessed by Dr. Gardner. Plaintiff makes no argument and points to no facts showing the ALJ's interpretation of the evidence is erroneous. Therefore, the ALJ properly rejected the moderate limitations identified by Dr. Gardner and did not err.

**4.   Dr. Klein**

Plaintiff argues the ALJ improperly relied on the opinion of the medical expert, Dr. Klein. (Ct. Rec. 14 at 8-9.) Dr. Klein testified that the foundation for the diagnosis of bipolar disorder is not in the record. (Tr. 28.) He opined that Plaintiff's primary condition is a drug-induced mood disorder. (Tr. 30.) He further opined that Plaintiff has problems with depressive disorder and personality disorder, but they are not severe impairments. (Tr. 30-32.) The ALJ cited Dr. Klein's testimony favorably and gave weight to the opinion. (Tr. 15-19.)

In appropriate circumstances, opinions from state agency medical consultants may be entitled to greater weight than the opinions of treating or examining sources. S.S.R. 96-6p. The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -19

*Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).  Cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion.  *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians.  *Andrews*, 53 F.3d at 1039.

As discussed *supra*, the ALJ cited factors in addition to the opinion of the medical expert contributing to the rejection of all or portions of the opinions of Dr. Kouzes, Ms. Smith, and Dr. Gardner. In particular, the limitations assessed by Dr. Kouzes and Ms. Smith include the effects of substance abuse and are of little value in determining Plaintiff's limitations without substance abuse.  Although Dr. Klein discussed Dr. Gardner's opinion (Tr. 29), the ALJ did not mention Dr. Klein's testimony in rejecting the limitations assessed by Dr. Gardner.  (Tr. 19.)  As a result, the ALJ did not give inappropriate weight to Dr. Klein's opinion.

In summary, the ALJ appropriately considered the psychological

1  opinion evidence in finding Plaintiff does not have a severe mental
2  impairment at step two, if the substance abuse were stopped.  Although
3  Plaintiff disagrees with the ALJ's interpretation of the evidence, the
4  ALJ's conclusions are reasonable and are based on substantial
5  evidence.  As a result, the ALJ did not err.

6                              **CONCLUSION**

7      Having reviewed the record and the ALJ's findings, this court
8  concludes the ALJ's decision is supported by substantial evidence and
9  is not based on error.  Accordingly,

10     **IT IS ORDERED:**

11     1.  Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is
12  **GRANTED.**

13     2.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is
14  **DENIED.**

15     The District Court Executive is directed to file this Order and
16  provide a copy to counsel for Plaintiff and Defendant.  Judgment shall
17  be entered for Defendant and the file shall be **CLOSED.**

18     DATED November 2, 2010.

19

20                 _____S/ CYNTHIA IMBROGNO_____
21                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –21